UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| RACHEL COX, | Case No. 13-CV-1138 (PJS/JSM) |
| Plaintiff, | |
| v. | ORDER |
| BOEHRINGER INGELHEIM PHARMACEUTICALS, INC., | |
| Defendant. | |

David E. Schlesinger, Steven Andrew Smith, and Sofia B. Andersson-Stern, NICHOLS KASTER, PLLP, for plaintiff.

Gina K. Janeiro, Anna R. Hickman, and Sara G. Sidwell, JACKSON LEWIS P.C., for defendant.

Plaintiff Rachel Cox was formerly employed as a sales representative by defendant Boehringer Ingelheim Pharmaceuticals, Inc. ("Boehringer Ingelheim").  Cox alleges that Boehringer Ingelheim paid higher salaries to male sales representatives, thereby discriminating against her on the basis of sex.  Cox brings claims against Boehringer Ingelheim under (1) the Equal Pay Act ("EPA"), 29 U.S.C. § 206(d); (2) the Minnesota Human Rights Act ("MHRA"), Minn. Stat. § 363A.01 et seq.; and (3) Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.

This matter is before the Court on Boehringer Ingelheim's motion for summary judgment. *See* ECF No. 16.  Boehringer Ingelheim argues that a reasonable jury could not conclude that the male sales representatives whom Cox identifies as comparators performed the same work as Cox under the same conditions, or that differences in pay were attributable to sex.  For the reasons summarized below, Boehringer Ingelheim's motion is denied.

Under the EPA, "[a] plaintiff must first establish a prima facie case that women were paid less than men in the same establishment for equal work requiring equal skill, effort, and responsibility and performed under similar working conditions." *Price v. N. States Power Co.*, 664 F.3d 1186, 1191 (8th Cir. 2011). Having carefully reviewed the record, the Court finds that a reasonable jury could conclude that Cox performed the same work as male sales representatives, in the same conditions as male sales representatives, and in the same establishment as male sales representatives, yet was paid less than those male sales representatives. *See* Wickware Dep. 38 [ECF No. 22-4] (admission from Cox's supervisor that Cox and her proposed male comparators "all ha[d] the same jobs" and performed the same tasks); *id*. at 98-99 (noting that Boehringer Ingelheim ranked Cox for evaluation purposes against the male sales representatives whom she alleges to be comparators); Andrews Dep. 27-28 [ECF No. 23] (noting that the same district manager and regional manager set compensation decisions for all sales representatives within a given district). Accordingly, a reasonable jury could conclude that Cox has established a prima facie case that Boehringer Ingelheim violated the EPA.

If a plaintiff can prove her prima facie case, "the burden shifts to the defendant to prove one of the affirmative defenses set forth under the EPA." *Taylor v. White*, 321 F.3d 710, 715 (8th Cir. 2003). "Those defenses require an employer to prove that any wage differential is explained by '(i) a seniority system; (ii) a merit system; (iii) a system which measures earnings by quantity or quality of production; or (iv) a differential based on any other factor other than sex.'" *Price*, 664 F.3d at 1191 (quoting 29 U.S.C. § 206(d)(1)).

Boehringer Ingelheim offers several explanations for why Cox was paid less than the male comparators. For example, Boehringer Ingelheim points out that the sales representatives whom Cox cites as comparators were hired over a decade after Cox was hired, and that the newly hired sales representatives had experience that Cox did not have selling particular types of products. Boehringer Ingelheim argues that these differences explain why Cox earned a lower salary than the male comparators.

A jury may credit Boehringer Ingelheim's explanations for the pay differential between Cox and the male comparators. Nevertheless, given that Cox had more seniority and a higher title than every one of the male comparators, *see* Pl. Ex. 18; substantially outperformed many (and perhaps all) of the male comparators, *see* ECF No. 26 at 10; received a lower salary than every male comparator every year from 2010 through 2013 (with the sole exception of one comparator for a few months in 2011), *see* Pl. Ex. 22 at 4-5; and received smaller merit increases (calculated as a percentage of her salary) than some male comparators during those years despite outperforming them, *id*., a reasonable jury could also conclude that Cox was paid less because she is female. Boehringer Ingelheim's motion for summary judgment with respect to Cox's EPA claim is therefore denied.

Boehringer Ingelheim's arguments with respect to Cox's MHRA and Title VII claims merely piggyback on its arguments with respect to Cox's EPA claim. See ECF No. 18 at 31-32; *cf. Price*, 664 F.3d at 1191 (finding that claims of unequal pay brought under the MHRA and Title VII are governed by the same standards as claims brought under the EPA). Boehringer Ingelheim is therefore not entitled to summary judgment on those claims for the same reasons that it is not entitled to summary judgment on Cox's EPA claim.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT the motion for summary judgment of defendant Boehringer Ingelheim Pharmaceuticals, Inc. [ECF No. 16] is DENIED.

Dated: May  27 , 2014                         s/Patrick J. Schiltz
                                              Patrick J. Schiltz
                                              United States District Judge